**UNITED STATES of America, Appellee,**

v.

**Johnny KIBLER, Appellant.**

**No. 79–5337.**

United States Court of Appeals, Fourth Circuit.

Argued Sept. 3, 1981.

Decided Jan. 8, 1982.

Certiorari Denied May 3, 1982. See 102 S.Ct. 2037.

Bruce C. Bereano, Annapolis, Md., for appellant.

Lynne A. Battaglia, Asst. U. S. Atty., Baltimore, Md. (Herbert Better, U. S. Atty., Jane W. Moscowitz, Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, and BUTZNER and SPROUSE, Circuit Judges.

BUTZNER, Circuit Judge:

Johnny Kibler appeals his conviction for endeavoring to intimidate a witness in a judicial proceeding in violation of 18 U.S.C. §§ 1503 and 2. Kibler's primary assignment of error challenges the district court's ruling and charge to the jury that venue lies in the district where the judicial proceeding is pending, even though the accused did not threaten the witness there. We affirm the judgment of the district court.

The facts are undisputed. A friend of Kibler, Kenneth R. Preston, was indicted in the District of Maryland for robbing two banks in Baltimore. Preston discussed with Kibler, who was not involved in the robberies, his concern about Albert Morgan, one of his co-defendants. Morgan had confessed and had agreed to testify for the government at Preston's Baltimore trial.

Following these discussions, Kibler and Preston went to Morgan's Washington, D.C., home. While Preston waited in the car, Kibler approached Morgan and asked if he had been "snitching." Kibler then warned, "well, you know what happens to snitches, snitches get hurt ... even in jail ... they get hurt, even there." Preston soon joined them and questioned Morgan about his cooperation with the government. He then proposed that Morgan sign an affidavit exonerating him. When Morgan agreed, he and Preston left to seek a notary. Their search included a trip into Maryland. Kibler did not accompany them.

Kibler was indicted in the District of Maryland on the charge that he threatened Morgan in an endeavor to influence him to testify falsely in the criminal cases pending against Preston in the United States District Court for the District of Maryland. Kibler moved to dismiss the indictment for improper venue because the threats against Morgan were made in the District of Columbia, not in Maryland. The court denied the motion, ruling that the government need not prove that Kibler acted in Maryland. It held that venue was proper be-

cause the prosecution against Preston, which Kibler sought to impede, was pending in Maryland.

## I

 The United States Constitution guarantees a defendant a trial "in the State where the said Crimes shall have been committed," U.S. Const. art. III, by a "jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Federal Rule of Criminal Procedure 18 implements this right: "Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed." Venue of a federal prosecution depends on the situs of the crime, but neither the Constitution nor the rule provides criteria for deciding where a crime has been committed. This must ·be ascertained by reference to the statute proscribing the criminal act. *Johnston v. United States*, 351 U.S. 215, 220, 76 S.Ct. 739, 742, 100 L.Ed. 1097 (1956). If Congress has not provided explicit guidance, the situs of the crime "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703, 66 S.Ct. 1213, 1216, 90 L.Ed. 1529 (1946). The accused, however, need not be present in the district where the crime was committed. *Travis v. United States*, 364 U.S. 631, 634, 81 S.Ct. 358, 360, 5 L.Ed.2d 340 (1961).

The application of these principles to the issue of proper venue for prosecutions charging violations of 18 U.S.C. § 1503 has produced divergent results. Some courts have viewed the offense of intimidating a witness as occurring in the district where the witness was to testify. *See, e.g., United States v. Tedesco*, 635 F.2d 902, 904–06 (1st Cir. 1980); *United States v. O'Donnell*, 510 F.2d 1190, 1192–95 (6th Cir. 1975). Other courts have held that venue is proper only in the district where the threatening

actions occurred. *See, e.g., United States v. Swann*, 441 F.2d 1053 (D.C.Cir.1971); *United States v. Brothman*, 191 F.2d 70, 72 (2d Cir. 1951). As these opinions illustrate, the question is not free from difficulty. Although a logical argument can be presented to place the situs of the crime only in the district where the accused threatened a witness, both the text of the statute and its legislative history persuade us that venue is proper in the district where the obstruction of justice would take effect.

In *United States v. Tedesco*, 635 F.2d 902, 905 (1st Cir. 1980), the court observed that examination of the verbs defining an offense provides an acceptable method for determining the situs of the crime.[1] Section 1503, among other things, punishes one who "corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness . . . in the discharge of his duty . . . or . . . influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede the due administration of justice . . . ." We agree with *Tedesco* that analysis of the verbs defining the offense establishes that the situs of the crime is the place of the judicial proceeding that the accused sought to thwart. The threats, force, threatening letters, or communication mentioned in the statute are nouns which merely provide a description of the means employed by the accused to achieve an illegal end.

 Both *Tedesco*, 635 F.2d at 905–06, and *United States v. O'Donnell*, 510 F.2d 1190, 1192–93 (6th Cir. 1975), examine the legislative history of § 1503. These scholarly·opinions find the genesis of § 1503 in the power of a court to punish for contempt "regardless of where the contemptuous acts may have occurred." *O'Donnell*, 510 F.2d at 1195. We find no occasion to recount in detail this legislative history. It is sufficient to note that it supports the conclusion that venue for a prosecution charging a

---

1. The authorities fully support this means of statutory interpretation. *See, e.g., United States v. Chestnut*, 533 F.2d 40, 46–47 (2d Cir. 1976); C. Wright, Law of Federal Courts § 43, p. 181 (3d ed. 1976); Dobie, *Venue in Criminal Cases in the United States District Court*, 12 Va.L.Rev. 287, 289 (1926).

violation of § 1503 lies in the district where the judicial proceeding that the accused sought to affect is pending.[2]

## II

■ There is a second reason for upholding venue. Kibler was charged also with aiding and abetting Preston's attempt to influence Morgan's testimony. The evidence is undisputed that after Kibler threatened Morgan, Preston took Morgan into Maryland. The purpose of this trip was to find a notary so Morgan could execute a false affidavit exonerating Preston. The court instructed the jury about the charge of aiding and abetting, but it did not give any special venue instruction on this theory of the case. Kibler's counsel neither asked for such an instruction nor objected to its omission. We find no plain error in this aspect of the trial. An aider and abettor may be prosecuted in the district in which the principal acted in furtherance of the substantive crime. *Hyde v. United States*, 225 U.S. 347, 362–67, 32 S.Ct. 793, 800–02, 56 L.Ed. 1114 (1912); *United States v. Buckhanon*, 505 F.2d 1079, 1083 (8th Cir. 1974).

## III

■ Kibler's other contentions can be disposed of summarily. He argues that the district court committed reversible error by refusing to question jurors individually concerning their racial prejudices. The court, however, did question the panel as a whole on this subject. The trial judge has broad discretion concerning the extent of the inquiry into potential juror prejudice. *United States v. Johnson*, 527 F.2d 1104, 1107 (4th Cir. 1975). He is not required to conduct individual inquiry where race is not a central aspect of the case.

■ Kibler next contends that the district court erred in admitting evidence concerning an earlier attempt he made to persuade another witness involved in the robbery trials to change her testimony. The evidence was properly admitted under Federal Rule of Evidence 404(b) to prove Kibler's intent. Becuase its probative value was not outweighed by the danger of unfair prejudice or confusion, it was not excluded by rule 403. Moreover, the judge's limiting instructions reduced the likelihood of any prejudice.

■ Kibler's last assignment of error concerns the court's refusal to grant his motion for judgment of acquittal. The record disclosed ample evidence establishing all the elements of the crime, and the court properly denied the motion.

AFFIRMED.

WINTER, Chief Judge, dissenting:

In my view, venue for this prosecution for commission of the substantive offense lay solely in the District of Columbia so that it was reversible error to try defendant, over his objection, in the District of Maryland. I do not think that the conviction can be upheld on the theory that defendant was also prosecuted as an aider and abettor because the case was submitted to the jury on both theories, and it returned a general verdict, not indicating on what theory it found defendant guilty.

I respectfully dissent.

## I.

The indictment in this case charged that defendant "did by threat and force endeavor to influence, intimidate and impede a witness . . . in the discharge of his duty as such witness by attempting to cause [the witness] to testify falsely and by attempting to prevent [the witness] from testify-

**2.** Also, for reasons adequately set forth in *Tedesco*, 635 F.2d at 906, and *O'Donnell*, 510 F.2d at 1193–95, we decline to adopt the contrary view expressed in *United States v. Swann*, 441 F.2d 1053 (D.C.Cir.1971), and *United States v. Brothman*, 191 F.2d 70 (2d Cir. 1951) (venue lies only where threats were made). We have no occasion, however, to decide whether venue might also lie in the district where the threats were made. *See* 18 U.S.C. § 3237(a) (offenses begun in one district and completed in another); *Tedesco*, 635 F.2d at 906 n.5; *O'Donnell*, 510 F.2d at 1193.

ing", all with respect to two criminal cases pending in the District of Maryland. The indictment was based upon certain of the provisions of 18 U.S.C. § 1503, viz. "[w]hoever ... by threats or force ... endeavors to influence, intimidate, or impede any witness, in any court of the United States ... shall be fined no more than $5,000 or imprisoned not more than five years, or both," as well as on 18 U.S.C. § 2, the aiding and abetting statute. It is conceded that all of defendant's alleged criminal conduct occurred in the District of Columbia.

As the majority opinion recognizes, the circuits are split on the issue of venue in circumstances such as those present in this case. The majority, following the decision of the First and Sixth Circuits, holds that venue lies in Maryland where the cases in which the witness would testify were pending. I find the authorities which would lead to the opposite conclusion more persuasive, and I would follow them. *See United States v. Nadolny*, 601 F.2d 940 (7 Cir. 1979); *United States v. Swann*, 441 F.2d 1053 (D.C.Cir.1971); *United States v. Brothman*, 191 F.2d 70 (2 Cir. 1951). To me the offense was complete when the accused endeavored to influence the witness, and this occurred in the District of Columbia. The significance of the phrase "in any court of the United States" is simply to define the protected class of witnesses—they are not to be witnesses in a state court or witnesses before a federal, state or municipal administrative body. Thus I cannot read the limitation as having any bearing on venue when Congress has failed to specify venue. It seems to me that the purpose of § 2 of the Act of March 2, 1831 which was the predecessor of 18 U.S.C. § 1503, *see Nye v. United States*, 313 U.S. 33, 45–48, 61 S.Ct. 810, 814–815, 85 L.Ed. 1172 (1941), was to remove the courts' power to punish for constructive contempts and to require that such proceedings be conducted by the normal process of indictment, trial and conviction, including normal rules with respect to venue. Thus I cannot conclude that the offended court should be the preferred forum for prosecution of acts occurring elsewhere.

Finally I think it unfortunate that the rule prescribed for this circuit is contrary to that of the District of Columbia Circuit which is an enclave without our own circuit. I can visualize potential administrative problems, if not anomalous results, where the circumstances of a crime involve the District of Columbia and one or more of the adjoining states.

II.

I agree with so much of the government's argument as urges that defendant may have been properly convicted as aiding and abetting a violation of 18 U.S.C. § 1503. But the case was argued and submitted to the jury on the theory that defendant was guilty as a principal as well as an aider and abettor. I think this was "plain error"; certainly the district court had been alerted to the venue problem by defendant's pretrial motion to dismiss. On what theory the jury convicted is not disclosed by its general verdict. Thus I do not think that the conviction can be saved.

I would reverse and grant a new trial.