UNITED STATES of America, Plaintiff–Appellant,

v.

Franklin NEWSOM, Defendant–Appellee.

No. 92–5755.

United States Court of Appeals, Fourth Circuit.

Argued June 11, 1993.

Decided Sept. 29, 1993.

Michael M. Fisher, Asst. U.S. Atty., Charleston, WV, argued (Michael W. Carey, U.S. Atty., Nancy C. Hill, Asst. U.S. Atty., on brief), for appellant.

David H. Landon, Dayton, OH, argued, for appellee.

Before RUSSELL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

OPINION

BUTZNER, Senior Circuit Judge:

The United States appeals the judgment of the district court granting Franklin Newsom's motion to dismiss an indictment against him on grounds of lack of venue and subject matter jurisdiction. Because we hold that venue in the Southern District of West Virginia is proper, we reverse the judgment, reinstate the indictment, and remand the case for further proceedings.

I

A grand jury returned an indictment against Franklin Newsom charging a violation of 18 U.S.C. § 115(a), which makes it a federal crime to threaten to murder a federal law enforcement officer with intent to retaliate against the officer on account of the performance of official duties. The indictment charged that Newsom, while imprisoned in the Federal Correctional Institution at Ashland, Kentucky, had threatened to murder in Charleston, West Virginia, Hunter P. Smith, Jr., an Assistant United States Attorney for the Southern District of West Virginia. The motivation for Newsom's animus towards Smith was the fact that Smith appeared on behalf of the United States in Newsom's prosecution on drug charges which resulted in his conviction and imprisonment in FCI Ashland. The indictment charged that Newsom's scheme to murder Smith was in retaliation for the performance of Smith's official duties as an Assistant U.S. Attorney, bringing the crime within the scope of 18 U.S.C. § 115(a)(1)(B).

Shortly before his trial, Newsom moved to dismiss the indictment because his alleged threats occurred in FCI Ashland, which is in the Eastern District of Kentucky. As the threats comprised the entirety of Newsom's crime, he argued, the district court in the Southern District of West Virginia was not a proper venue. After briefing and oral argument, the district court agreed with Newsom and dismissed the indictment. The United States appealed. We review the district court's dismissal for lack of venue *de novo*. *See United States v. Osborne*, 935 F.2d 32, 35 (4th Cir.1991).

II

The United States Constitution guarantees the right of an accused to be tried where the crime was committed. U.S. Const. art. III, § 2, U.S. Const. amend. VI. Federal Rule of Criminal Procedure 18 implements these constitutional provisions: "Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed."

Neither the Constitution nor rule 18 offers guidance for determining where the crime occurred. Section 115, under which Newsom is charged, contains no language concerning venue. In such cases, the situs of the crime "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703, 66 S.Ct. 1213, 1216, 90 L.Ed. 1529 (1946). The Constitution does not limit venue to a single district. *See United States v. Lombardo*, 241 U.S. 73, 77, 36 S.Ct. 508, 509–10, 60 L.Ed. 897 (1916) (dictum). The defendant need not be present in the district where the crime was committed. *Travis v. United States*, 364 U.S. 631, 634, 81 S.Ct. 358, 360–61, 5 L.Ed.2d 340 (1961).

Applying these general principles, we held in *United States v. Cofield*, 11 F.3d 413 (4th Cir.1993), that the Eastern District of Virginia was a proper venue for the trial of a defendant who violated 18 U.S.C. § 1513 by beating in Washington, D.C., a former witness in retaliation for her testimony given in a trial in the Eastern District of Virginia. We also have held that venue was proper in the district where a case was pending, al-

though the defendant made threats in violation of 18 U.S.C. § 1503 in another district against a witness who was to testify in the pending case. *United States v. Kibler,* 667 F.2d 452 (4th Cir.1982); *accord United States v. Reed,* 773 F.2d 477, 484–486 (2d Cir.1985) (corruptly fabricating evidence); *United States v. Tedesco,* 635 F.2d 902, 904–06 (1st Cir.1980) (subornation of perjury).

Although these four cases differ in some respects, they have significant features in common. In each case the defendant was prosecuted for some act—retaliation, threat, corrupt fabrication of evidence, or subornation of perjury—that harmed the due administration of justice in a district where the defendant was not present at the time when he committed the offensive act. The fact that venue could have been established in the district where the defendant acted did not bar venue in another district that suffered an affront to the due administration of justice. While Newsom's case has factual and legal differences, it is conceptually quite similar. Newsom made a threat in one district that attacked the integrity of the administration of justice in another district. The government conceded that venue would be proper in Kentucky. We conclude that venue is also proper in West Virginia for the following reasons.

### III

■ *Anderson,* the definitive case for determining the situs of a crime, speaks not only of the "location of the act or acts constituting it" but also "the nature of the crime alleged." 328 U.S. at 703. In Newsom's case, the threat made in Kentucky would clearly establish venue there. But proof of the threat and nothing more would not convict Newsom or establish the situs of the crime. To convict him the government would have to prove, in the words of *Anderson,* "the nature of the crime alleged." The nature of a crime is ascertained by analyzing the elements of the crime. *See United States v. Polowichak,* 783 F.2d 410, 415 (4th Cir.1986).

The elements of the crime for which Newsom was indicted are set forth in 18 U.S.C. § 115(a)(1)(B): (1) a threat, (2) to murder, (3) a federal law enforcement officer, (4) with intent to retaliate against the officer, (5) on account of the performance of official duties. To convict Newsom, the government must prove each of these elements. It must prove that Newsom threatened to murder with intent to retaliate against Hunter P. Smith, Jr., an assistant United States attorney appointed to act in the Southern District of West Virginia, on account of the attorney's performance of his official duties in that district. Essential parts of the crime for which Newsom stands indicted can be proved only by showing their occurrence in West Virginia. In *Lombardo,* 241 U.S. at 77, 36 S.Ct. at 509–10 the Court said: "Undoubtedly where a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done. . . ." We see no principled reason why this precept should not apply to threats as fully as to completed crimes.

■ Newsom insists, however, that *Kibler* commits this circuit to only a verb test for determining venue. He argues that since the only verb charged in the indictment is "did threaten," the situs of the crime and consequently venue must be in the Eastern District of Kentucky, where he allegedly made the threats. Newsom, however, misreads *Kibler.* Although that case endorsed the use of verbs to determine venue, neither it nor *Tedesco,* which *Kibler* follows, held that verbs invariably determine venue. *See Kibler,* 667 F.2d at 454; *Tedesco,* 635 F.2d at 905. We have explained that the verbs examination "method is not exclusive" and that there are some crimes "where the situs is not so simple of definition." *United States v. Billups,* 692 F.2d 320, 332 (4th Cir.1982); *see also Cofield,* 11 F.3d at 417.

The judgment of the district court is reversed, and the indictment is reinstated.

*REVERSED AND REMANDED.*