UNITED STATES of America, Plaintiff,

v.

Alex B. HERSCH, Defendant.

Cr. No. 3:93cr154.

United States District Court,
E.D. Virginia,
Richmond Division.

May 2, 1994.

Joan Evans, Asst. U.S. Atty., Office of the U.S. Atty., E.D.Va., Richmond, VA, for plaintiff.

Michael J. Barta, Stuart A. Levey, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

Alex B. Hersch has moved to dismiss for lack of venue Count V of the superseding indictment filed against him in this court on February 1, 1994. Count V charges Hersch with violating 18 U.S.C. § 1621 by committing perjury in a deposition held in Florida pursuant to a proceeding which was pending in the Eastern District of Virginia. Hersch asserts that venue in this court is not proper under the Sixth Amendment and Fed. R.Crim.P. 18 because the alleged perjury occurred in the Southern District of Florida. The United States does not dispute that the allegedly perjurious statements were made in Florida, or that the Southern District of Florida would be an appropriate venue. It simply argues that venue is also proper in this district. However, based on the Sixth Amendment, the decisional law of this circuit and the language of 18 U.S.C. § 1621, the court finds that venue lies only in the Southern District of Florida and that Hersch's motion to dismiss Count V must be granted.

## BACKGROUND

On October 11, 1991, the United States Department of Justice filed a civil complaint in the United States District Court for the Eastern District of Virginia against Alex Hersch, his business partner William Hoffman, and four companies owned and operated by Hersch and Hoffman, seeking recovery of progress payments which had been paid to the defendant companies by the United States Department of Defense. The complaint sought to hold Hersch and Hoffman personally liable for debts the companies owed to the United States. On May 8, 1992, Hersch and Hoffman, jointly and severally, confessed judgment in the civil action in the amount of $3,323,896.52. Shortly thereafter, the United States initiated proceedings in

this court under Fed.R.Civ.P. 69(a) to enforce the judgment against Hersch.

This criminal action grows out of Hersch's alleged attempts to thwart the United States' efforts to collect on the civil judgment. Generally, the indictment alleges that in anticipation of settling the civil claim, Hersch implemented a scheme to conceal most of his assets in order to avoid paying any judgment which the United States might obtain. On April 3, 1992, during settlement negotiations, Hersch submitted to the lawyer representing the United States what was purported to be a complete list of Hersch's assets. The United States alleges that Hersch intentionally omitted certain assets from the list, namely the assets Hersch had made efforts to conceal. On April 6, 1992, Hersch was deposed in Richmond, Virginia and asked questions about the accuracy of the asset list. Hersch testified that the list was accurate. On May 5, 1992, also in connection with the settlement negotiations, Hersch gave to the United States a document entitled "Financial Statement of the Debtor" which purported to be a complete disclosure of his assets. The United States alleges that this document was also intentionally incomplete.

After the consent judgment was entered on May 8, 1992, the United States, in aid of enforcing the judgment[1], deposed Hersch in West Palm Beach, Florida, on July 17, 1992. The perjury charge in Count V alleges that Hersch made false statements during that deposition.

## DISCUSSION

■ The Constitution of the United States guarantees the right of an accused to be tried in the state and district in which the crime was committed. U.S. Const. art. III, § 2, U.S. Const. amend. VI. These constitutional provisions are implemented by Fed. R.Cr.P. 18, which provides: "Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed."

■ Neither the Constitution nor Rule 18, however, offers guidance for determining where a crime has been committed. That issue must be determined by reference to the statute proscribing the criminal act. *Johnston v. United States*, 351 U.S. 215, 220, 76 S.Ct. 739, 742, 100 L.Ed. 1097 (1956); *United States v. Kibler*, 667 F.2d 452, 454 (4th Cir. 1982). However, the statute under which Hersch is charged, 18 U.S.C. 1621, contains no venue provision. In such cases, the situs of the crime "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703, 66 S.Ct. 1213, 1216, 90 L.Ed. 1529 (1946); *see also United States v. Newsom*, 9 F.3d 337, 338 (4th Cir.1993). A crime can be committed in a district even if the accused is not present there. *Travis v. United States*, 364 U.S. 631, 634, 81 S.Ct. 358, 360–61, 5 L.Ed.2d 340 (1961). Also, the Constitution does not limit venue to a single district. *See United States v. Lombardo*, 241 U.S. 73, 77, 36 S.Ct. 508, 509–10, 60 L.Ed. 897 (1916) (dictum).

■ These controlling principles for determining venue have yet to be applied to 18 U.S.C. § 1621 in this circuit. However, the United States Court of Appeals for the Fourth Circuit has applied these principles in its analysis of other statutes. *See, e.g., Newsom*, 9 F.3d 337 (4th Cir.1993) (analyzing 18 U.S.C. § 115(a)); *United States v. Cofield*, 11 F.3d 413 (4th Cir.1993) (analyzing 18 U.S.C. § 1513); *Kibler*, 667 F.2d 452 (4th Cir.1982) (analyzing 18 U.S.C. § 1503). These decisions provide the analytical framework for determining proper venue for an action alleging a violation of 18 U.S.C. § 1621.

### I. The Kibler Analysis

The current analysis employed by the United States Court of Appeals for the Fourth Circuit has its roots in *United States v. Kibler*, 667 F.2d 452 (4th Cir.1982). At issue in *Kibler* was the proper venue for a violation of 18 U.S.C. § 1503, an obstruction of justice statute. The Court of Appeals

---

1. Federal Rule of Civil Procedure 69 provides, in relevant part:

    In aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

examined the verbs in the statute which defined the proscribed act and the statute's legislative history, and determined that venue was proper in both the district where the obstruction of justice would take effect and the district where the actions constituting the obstruction had occurred. *Kibler*, 667 F.2d at 454. *Kibler's* dual approach of examining both the verbs in the statute and the legislative history has been reaffirmed recently by the Court of Appeals in *United States v. Cofield*, 11 F.3d 413, 471 (4th Cir.1993), where the Court stated: "We are not only bound by the dual approach used in *Kibler*, but its logic is unassailable."

The first step is to determine the elements of the offense with which Hersch is charged. Section 1621 provides in part:

Whoever—

(1) *having taken an oath* before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath *states or subscribes any material matter which he does not believe to be true* ... is guilty of perjury.... (emphasis added).

Applying the "verb test" to § 1621, Hersch points out correctly that the verbs defining the offense are "having taken" (the oath) and "states or subscribes" (any material matter). These verbs establish that the situs of the crime is either the place where the oath is taken or the place where the alleged false statements are made. In this case, both of those events occurred in the Southern District of Florida. Therefore, under the verb test venue for Count V lies only in the Southern District of Florida.

As is true for most excursions into legislative history, the journey into the legislative antecedents of 18 U.S.C. § 1621 is of little assistance. The statute, of course, is part of Chapter 79 of Title 18 of the United States Code, which is entitled simply "Perjury." The statutory origin of Section 1621 is Chapter 321, Section 125, 35 Stat. 1111 (March 4, 1909). Although there is no helpful legislative history from 1909 or 1948 (when the statute received amendments which do not affect the issue at hand) that is specifically addressed to § 1621, it is noteworthy that the 1909 perjury statute was included in Chapter 6 of Chapter 321, which is entitled "Offenses Against Public Justice." Also included in this chapter were offenses such as obstructing process or assaulting an officer (Sec. 140), attempting to influence jurors (Sec. 137), and intimidation or corruption of witnesses, jurors or judicial officers (Sec. 135). The Court of Appeals has determined that venue for these or similar offenses is proper both in the district where the acts occurred and in the district where the action which the defendant sought to affect was pending. *See, e.g., Cofield*, 11 F.3d at 418 (prosecution under 18 U.S.C. § 1513 for retaliating against witness); *Newsom*, 9 F.3d at 339 (prosecution under 18 U.S.C. § 115(a) for threatening to murder law enforcement officer in retaliation for performance of official duties); *Kibler*, 667 F.2d at 453 (prosecution under 18 U.S.C. § 1503 for attempting to intimidate witness).

Thus, based on the fact that in 1909 the perjury statute was grouped with obstruction of justice statutes and was included under the heading of "Offenses Against Public Justice," it would not be illogical to conclude that prosecutions under § 1621 should be permitted both in the district where the perjury occurred and in the district affected by the perjury. That conclusion, however, is problematic because it relies on the statute's classification in 1909, rather than its current classification. In 1948, § 1621 was removed from the chapter entitled "Offenses Against Public Justice" and grouped with other perjury statutes in a chapter entitled "Perjury," and it has been a part of that chapter ever since. The obstruction of justice statutes, on the other hand, including those analyzed in *Kibler* and *Cofield*, were included in a separate chapter under the heading "Obstruction of Justice." Therefore, although the relevant perjury statute was at one time grouped with obstruction of justice statutes, it is no longer included with those statutes in the same chapter. The legislative history offers no explanation for this change. Under these

circumstances, the court finds that, for purposes of venue analysis under *Kibler*, the legislative history of § 1621 is inconclusive.

Thus, of the two interpretive tools on which *Kibler* relies, the verb test and the legislative history of the statute, only the verb test provides much insight. Applying the verb test prescribed by *Kibler*, venue for Count V is proper only in the Southern District of Florida.

## II. The Anderson/Newsom Analysis

Although the *Kibler* approach retains its vitality, *see United States v. Cofield*, 11 F.3d at 417, it is not the only accepted method of analysis in this circuit. In *United States v. Newsom*, 9 F.3d 337, 339 (4th Cir.1993), the defendant argued that *Kibler* commits the courts in this circuit to using only the verb test to determine venue. The court held that:

> Newsom, however, misreads *Kibler*. Although that case endorsed the use of verbs to determine venue, neither it nor *Tedesco*, which *Kibler* follows, held that verbs invariably determine venue. We have explained that the verbs examination "method is not exclusive" and that there are some crimes "where the situs is not so simple of definition." (citations omitted).

Likewise, in *United States v. Cofield*, 11 F.3d 413, 417 (4th Cir.1993) the Court of Appeals stated:

> [A]lthough the "verb test" as an interpretive tool enjoys both the support of precedent from this circuit and the force of logic, its use to the exclusion of other interpretive guides would violate the overriding principle of *United States v. Anderson*, that we must consider "the nature of the crime alleged and the location of the act or acts constituting it." (citations omitted).

In *Newsom*, an opinion authored by Judge Butzner, author of *Kibler*, the Court of Appeals chose not to apply *Kibler*, but rather relied directly on *United States v. Anderson*. Calling *Anderson* "the definitive case for determining the situs of a crime," the Court of Appeals explained that *Anderson* "speaks not only of the 'location of the act or acts consti-

tuting [the crime]' but also 'the nature of the crime alleged.'" *Newsom*, 9 F.3d at 339, *quoting Anderson*, 328 U.S. at 703, 66 S.Ct. at 1216. To determine venue, the Court of Appeals then analyzed the location of the acts constituting Newsom's crime and the nature of the crime alleged. *Id.*

Newsom was indicted in the Southern District of West Virginia, charged with a violation of 18 U.S.C. § 115(a), which makes it a federal crime to threaten to murder a federal law enforcement officer in retaliation against the officer for performing his official duties. *Newsom*, 9 F.3d at 338. The indictment charged that Newsom, while imprisoned in Ashland, Kentucky, had threatened to murder an assistant United States attorney for the Southern District of West Virginia, in retaliation for the performance of the attorney's official duties in Charleston, West Virginia. The motivation for Newsom's threat was that the attorney had prosecuted Newsom on drug charges which resulted in Newsom's conviction and subsequent imprisonment in Kentucky. Shortly before his trial, Newsom moved to dismiss the indictment for improper venue because his alleged threats occurred in the Eastern District of Kentucky and not in the Southern District of West Virginia. *Id.*

Relying on the *Anderson* requirements to examine the location of the acts constituting the alleged crime and the nature of that crime, the Court of Appeals determined first that "the threat made in Kentucky would clearly establish venue" in the Eastern District of Kentucky, but went on to observe that:

> proof of the threat and nothing more would not convict Newsom or establish the situs of the crime. To convict him the government would have to prove, in the words of *Anderson*, 'the nature of the crime alleged.' The nature of a crime is ascertained by analyzing the elements of the crime.

9 F.3d at 339.

The Court of Appeals then analyzed the elements of 18 U.S.C. § 115(a)(1)(B) and identified five elements required to sustain a conviction: (1) a threat, (2) to murder, (3) a federal law enforcement officer, (4) with in-

tent to retaliate against the officer, (5) on account of the performance of official duties. *Newsom,* 9 F.3d at 339. After analyzing these elements in relation to Newsom's actions, the Court of Appeals concluded that venue was proper in both Kentucky and West Virginia, stating:

> To convict Newsom, the government must prove each of these elements. It must prove that Newsom threatened to murder with intent to retaliate against ... an assistant United States attorney appointed to act in the Southern District of West Virginia, on account of the attorney's performance of his official duties in that district. *Essential parts of the crime for which Newsom stands indicted can be proved only by showing their occurrence in West Virginia.* In *Lombardo,* 241 U.S. at 77, 36 S.Ct. at 509–10 the Court said: 'Undoubtedly where a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done ...' We see no principled reason why this precept should not apply to threats as fully as to completed crimes.

*Newsom,* 9 F.3d at 339 (emphasis added).

■ Applying *Anderson* and *Newsom* here, the court first must determine "the location of the act or acts constituting" Hersch's alleged perjury. *Newsom,* 9 F.3d at 339. To sustain a conviction for perjury under Section 1621, the United States must prove that (1) Hersch took an oath to testify truly, and (2) willfully and contrary to that oath, Hersch stated a material matter which he did not then believe to be true. Because both of these acts took place in West Palm Beach, Florida, the "location of the act or acts constituting the crime" clearly establishes venue in the Southern District of Florida. *Newsom,* 9 F.3d at 399.

The court must also examine the "nature of the crime" of perjury. *Anderson, supra.* The purpose of examining the nature of the crime alleged is to ascertain its elements. *Newsom,* 9 F.3d at 339. Once the elements of the crime are known, the court can then determine in which district each of the elements occurred. This is critical to the question of venue, because " '[u]ndoubtedly where

a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done....' " *Id.,* quoting *United States v. Lombardo,* 241 U.S. 73, 77, 36 S.Ct. 508, 510, 60 L.Ed. 897 (1916). The nature of the crime of perjury is lying under oath. The crime is complete if Hersch, having first taken an oath, told a lie. Those acts occurred, if at all, in the Southern District of Florida.

Thus, unlike the crime in *Newsom,* there is no element of the crime for which Hersch stands indicted which can be proved only by showing an act which occurred in the Eastern District of Virginia. Both the oath taken by Hersch and his allegedly false statements occurred in the Southern District of Florida. Accordingly, the *Anderson/Newsom* analysis, like the *Kibler* approach, requires the conclusion that venue for Count V lies only in Florida.

## III. The Reed Rule

In support of its argument that venue is proper in both Florida and the Eastern District of Virginia, the United States relies on *United States v. Reed,* 773 F.2d 477 (2d Cir.1985) and *United States v. Manfredi,* 789 F.Supp. 961 (N.D.Ind.1992), both of which hold that in a perjury prosecution venue is proper either in the district where the perjury was committed or in the district in which the affected proceeding is pending. *Reed* involved a prosecution for perjury in certain ancillary judicial proceedings under 18 U.S.C. § 1623, while *Manfredi* involved a prosecution under 18 U.S.C. § 1621, the statute at issue here.

Although these cases support the position of the United States, they are unpersuasive because both of them rely on the "substantial contacts test" developed in *Reed.* There, Judge Winter of the United States Court of Appeals for the Second Circuit wrote that in evaluating the appropriate venue for crimes:

> [A] review of relevant authorities demonstrates that there is no single defined policy or mechanical test to determine constitutional venue. Rather, the test is best described as a substantial contacts rule that takes into account a number of fac-

tors—the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate factfinding.

*Reed,* 773 F.2d at 481.

The United States correctly argues that if Count V is evaluated under the substantial contacts test, the "locus of the effect" of Hersch's perjury and the suitability of the Eastern District of Virginia for accurate factfinding likely would make this court a proper venue. However, notwithstanding that the substantial contacts test recently was cited with favor by the United States Court of Appeals for the Fourth Circuit, *see United States v. Cofield,* 11 F.3d at 417, that test has not yet been adopted or approved for use in this circuit. As a result, this court is obligated to apply the methods of analysis set forth in *Kibler* and *Newsom,* which produce the conclusion that proper venue for Count V lies solely in the Southern District of Florida. As a result, Count V of the superseding indictment against Hersch must be dismissed.

This result, although correct under *Anderson,* will likely result in this case in a waste of resources for both the parties and the courts, because it is probable that Hersch will eventually face the charge which is the subject of Count V in federal court in the Southern District of Florida. Further, the prosecution in this case may seek to introduce under F.R.E. 404(b) evidence of Hersch's alleged perjury in the Florida deposition. Hence, it is possible that both this court and the Southern District of Florida will be involved in adjudicating the underlying facts of Count V.

This result could have been avoided had the United States charged Hersch with violating 18 U.S.C. § 1623 rather than § 1621, because under *Newsom* this court would be a proper venue for that charge. For reasons neither explained nor readily apparent, the United States did not pursue that option. In any event, the availability of venue in this court under 18 U.S.C. § 1623 makes clear that as long as the United States is careful in its charging and indictment of defendants we need not fear that this wasteful result be repeated.

## CONCLUSION

For the foregoing reasons, the motion to dismiss Count V is granted.

It is so ORDERED.