UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

KEVIN RODELL JOHNSON, a/k/a
Chucky,
Defendant-Appellant.

No. 96-4014

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-95-319-A)

Submitted: November 21, 1996

Decided: December 6, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Barry A. Schneiderman, KINCHELOE & SCHNEIDERMAN, Fair-
fax, Virginia, for Appellant. Helen F. Fahey, United States Attorney,
Leslie B. McClendon, Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kevin Rodell Johnson was convicted by a jury of conspiracy to possess with intent to distribute and to distribute more than 50 grams of crack cocaine within the Eastern District of Virginia, 21 U.S.C.A. § 846 (West Supp. 1996), and was sentenced to 360 months imprisonment. Johnson challenges his conviction on the ground of insufficient evidence. He also contends that the district court clearly erred in enhancing his sentence for obstruction of justice. United States Sentencing Commission, Guidelines Manual, § 3C1.1 (Nov. 1995). We affirm.

Johnson argues that the government failed to prove that he conspired within the Eastern District of Virginia, as charged in the indictment. Johnson did not seek a change of venue in the district court but, following his conviction, moved for an acquittal on the ground that the evidence showed only that he conspired within the Western District of Virginia. The government must establish venue by a preponderance of the evidence. United States v. Newsom , 9 F.3d 337, 338 (4th Cir. 1993). When a conspiracy is carried on within several districts, venue is proper in any district in which a conspirator has committed an overt act. United States v. Heaps, 39 F.3d 479, 482 (4th Cir. 1994). In this case, the evidence established that overt acts occurred in both districts and we find that the district court did not err in exercising jurisdiction over the case.

We also find that the evidence was sufficient to convict Johnson of participation in the conspiracy. Numerous witnesses testified that they bought crack from Johnson in Charlottesville, Virginia, which is in the Western District of Virginia. Jamie Christmas testified that he and Johnson sold crack in Charlottesville. He testified that they were both supplied from 1991 to 1994 by Lacey Davis, a Maryland resident who used the name "Kwan." He said that Davis usually delivered the crack

2

to Charlottesville, but that on a few occasions Johnson and Christmas met him halfway in Fredericksburg, which is in the Eastern District of Virginia. He also testified that, in the spring of 1994, Davis called to say that he had been arrested on Route 29 on the way to Charlottesville, and would not make a scheduled delivery. Davis was in fact arrested on Route 29 in Fauquier County, in the Eastern District of Virginia, in April 1994. More than 500 grams of crack was recovered from the car in which he was a passenger, and he was later convicted of drug trafficking. Paula Washington testified that, on one occasion during the spring of 1994, Johnson had no crack to sell her and explained that "Kwan," his source, had been arrested on Route 29. Johnson testified on his own behalf and admitted selling crack in Charlottesville. He denied that Davis was his source, or that he ever traveled to Fredericksburg with Christmas to obtain crack from Davis.

A jury's verdict must be sustained if there is substantial evidence to support it; the evidence is viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942). The jury weighs the credibility of the witnesses and its determination is not reviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). In this case, the jury's verdict is supported by ample evidence that Johnson was involved in a conspiracy which was carried on, in part, within the Eastern District of Virginia.

Christmas also testified that just before the trial he received two letters from Johnson urging him not to testify. The letters were introduced into evidence. The district court did not clearly err in finding, at sentencing, that Johnson attempted to obstruct the administration of justice by unlawfully influencing a co-defendant. Consequently, the two-level adjustment was properly made. USSG § 3C1.1, comment. (n.3(a)).

Accordingly, we affirm the conviction and sentence. Johnson's request for permission to file a supplemental brief is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3