**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4625

DONALD HUGH FORREST, a/k/a Posey,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-96-463)

Submitted: June 8, 1999

Decided: June 29, 1999

Before WILKINS and KING, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dale Warren Dover, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Gene Rossi, Special Assistant United
States Attorney, Karen Flint, Special Assistant United States Attor-
ney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Donald Hugh Forrest pled guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 (1994). On appeal, he challenges the district court's denial of his motion to dismiss the indictment for improper venue and his motion to suppress evidence. Finding no reversible error, we affirm.

A district court's ruling on a motion to dismiss for improper venue is reviewed de novo. See United States v. Newsom , 9 F.3d 337, 338 (4th Cir. 1993). When the charge is conspiracy, venue is proper in any district in which an act in furtherance of the conspiracy occurred. See United States v. Al-Talib, 55 F.3d 923, 928 (4th Cir. 1995). When the motion to dismiss for improper venue is a pretrial motion, only the indictment may be considered. Evidence beyond the face of the indictment should not be considered. See United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996). Because the indictment alleged acts in furtherance of the conspiracy that occurred in the Eastern District of Virginia, we find that the pretrial motion to dismiss was properly denied.

We also find that Government investigators had reasonable suspicion to seize the packages Forrest left at a private mail service. We find that the continued detention of the packages until a probable cause determination could be made was not unreasonable. See United States v. Van Leeuwen, 397 U.S. 249, 252-53 (1970); United States v. LaFrance, 879 F.2d 1 (1st Cir. 1989).

Accordingly, we affirm Forrest's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED