**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4698**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHN C. CURTISS, a/k/a Jay Curtiss, d/b/a Centerline Carbon
Products,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge. (3:87-cr-00112-RLW-1)

_____

Argued:  December 8, 2010       Decided:  January 13, 2011

_____

Before SHEDD, DAVIS, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED**: Amy Leigh Austin, OFFICE OF THE FEDERAL PUBLIC DEFENDER,
Richmond, Virginia, for Appellant.  Benjamin L. Hatch, OFFICE OF
THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.
**ON BRIEF**: Michael S. Nachmanoff, Federal Public Defender,
Patrick L. Bryant, Research and Writing Attorney, OFFICE OF THE
FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.
Neil H. MacBride, United States Attorney, Alexandria, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On December 14, 1987, Appellant John C. Curtiss was indicted in the Eastern District of Virginia for mail fraud, false statements, false claims upon the United States and conspiracy, in violation of 18 U.S.C. § § 1341, 1001, 287 and 286, respectively. The gravamen of all of the charges was that, despite his debarment from entering into government contracts, Curtiss continued to engage in fraudulent contracting with a Department of Defense agency located in Virginia.

Prior to trial, Curtiss moved to dismiss the indictment on the ground of improper venue. The district court denied the motion and a jury convicted Curtiss on all counts. Sentencing was scheduled for May 1988, but Curtiss absconded and was not apprehended until 2009. The proceedings resumed with a sentencing hearing on July 14, 2009. The district court sentenced Curtiss to a 15-year term of imprisonment. On appeal, Curtiss assigns error in the denial of his motion to dismiss and in the inadequacy of the district court's statement of reasons for the sentence. We affirm.

I.

A.

The Defense General Supply Center ("DGSC"), located in the Eastern District of Virginia, procures and stores a variety of

military supplies, including electrical contact brushes, which are devices designed to maintain electric currents in rotating machinery. Curtiss supplied DGSC with electrical contact brushes but was barred from doing so after he was convicted in 1983 of the unlawful sale of government property. The debarment order prohibited Curtiss from government contracting from February 22, 1984 to December 28, 1986.

After Curtiss was barred from government contracting, he approached the owner of Sent Electric Company, Peter Kljucaricek, a/k/a Peter Kay, about using Sent Electric Company to make brush sales to the DGSC. Kay agreed to the arrangement in return for a ten-percent commission on the sales. Around the same time, Curtiss's wife registered a new company, Centerline Carbon Products, in her name in Michigan. Under the arrangement with Kay, Curtiss received information about brushes DGSC intended to purchase, prepared bids in the name of Centerline Carbon Products, and submitted them in the name of Sent Electric Company. When the government submitted a contract to Sent Electric Company, Kay would transfer the contracts to Centerline Carbon, which handled the stock selection, packing, labeling, and shipping. As a result, Curtiss was able to continue to participate in the contracting process during his period of debarment.

3

DGSC initiated an investigation after it received complaints about the quality of the contact brushes. The investigation revealed that Curtiss would either select and ship less expensive, unauthorized brushes instead of the required brushes, or he would resell brushes from government surplus that he possessed, in violation of the contract.

B.

On December 14, 1987, Curtiss was indicted in 21 counts for mail fraud, in violation of 18 U.S.C. § 1341; false statements, in violation of 18 U.S.C. § 1001; false claims upon the United States, in violation of 18 U.S.C. § 287; and conspiracy to defraud the Department of Defense, in violation of 18 U.S.C. § 286. Each count alleged that the offense occurred within the Eastern District of Virginia prior to November 1, 1986.

Curtiss filed a pretrial motion to dismiss the indictment for improper venue, relying on constitutional provisions and Federal Rule of Criminal Procedure 18.[1] While Curtiss's motion

---

[1] Article III provides that "[t]he Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. In addition, the Sixth Amendment provides that "[in] all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Federal Rule of Criminal Procedure 18 codifies these principles:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a
(Continued)

did not seek a transfer of venue pursuant to Federal Rule of Criminal Procedure 21(b),[2] the government's opposition stated in a footnote that Curtiss's allegations "seem to fit the framework of that Rule." J.A. 38. In its denial of Curtiss's motion to dismiss, the district court cited law pertaining to constitutional venue principles and Federal Rule of Criminal Procedure 18.

At the conclusion of a three-day trial, the jury convicted Curtiss on all counts. Prior to sentencing, however, Curtiss absconded, and the district court issued a bench warrant for his arrest. Curtiss was not apprehended until March 25, 2009, more than twenty years after he fled.

When Curtiss was returned to Virginia for sentencing in 2009, the government filed an updated sentencing memorandum,

---

district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18.

[2] Rule 21(b) provides:

Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice.

Fed. R. Crim. P. 21(b).

5

requesting a five-year term of imprisonment. At the sentencing hearing, Curtiss argued for a term of three to four years of imprisonment. The district court announced its sentence by stating:

> Pursuant to Title 18 U.S.C. Section 3553(a) . . . I sentence Mr. Curtiss to a total term of 15 years, consisting of five years on count one, five years on count two, and five years on count three, all to run consecutively to each other; and ten years on count 21 to run concurrently to the 15-year term imposed on counts one, two and three.

J.A. 655. On the remaining counts, the court suspended sentence and placed Curtiss on five years of supervised release upon his release from prison. Curtiss noted a timely appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

### A.

Curtiss first maintains that the district court committed error in denying his motion to dismiss the indictment for improper venue.[3] He notes that many of the events related to the

---

[3] The government urges us to decline to consider Curtiss's appeal of the denial of his venue challenge based on the fugitive disentitlement doctrine. The fugitive disentitlement doctrine generally provides that federal courts "have authority to dismiss an appeal . . . if the party seeking relief is a fugitive while the matter is pending." Degen v. United States, 517 U.S. 820, 824 (1996). In addition, although Curtiss had not yet appealed (for he had not been sentenced) at the time he absconded, courts have the authority to dismiss a criminal (Continued)

government contracting offenses occurred outside of Virginia, and that the scheme he created originated in Michigan, where Curtiss, his wife, and Kay resided.

We review de novo a district court's denial of a motion to dismiss for improper venue. See Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004); United States v. Newsom, 9 F.3d 337, 338 (4th Cir. 1993). When multiple counts are alleged in an indictment, venue must be proper on each count. United States v. Stewart, 256 F.3d 231, 242 (4th Cir. 2001). The government bears the burden of proving venue by a preponderance of the evidence. United States v. Ebersole, 411 F.3d 517, 524 (4th Cir. 2005).

As mentioned, the Constitution sets forth the basic parameters for venue in a criminal case. Under Article III, "[t]he Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3; see also U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."). Federal

---

appeal under the doctrine where there is some nexus between "a defendant's [prior] fugitive status and his appeal." Ortega-Rodriguez v. United States, 507 U.S. 234, 249 (1993). We conclude that Curtiss's venue challenge plainly lacks merit. Therefore, we decline to apply the fugitive disentitlement doctrine in this case.

Rule of Criminal Procedure 18 reiterates this principle: "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Together, these provisions "protect the defendant from bias, disadvantage, and inconvenience in the adjudication of the charges against him." United States v. Johnson, 510 F.3d 521, 524 (4th Cir. 2007) (quoting Ebersole, 411 F.3d at 524).

In keeping with these principles, Congress may prescribe specific venue requirements for a particular crime. Johnson, 510 F.3d at 524. If Congress adopts such a statute imposing venue requirements, "that provision must be honored (assuming, of course, that it satisfies the constitutional minima.)" Id. (quoting United States v. Salinas, 373 F.3d 161, 164 (1st Cir. 2004)). In addition, federal law provides that venue is proper in any district where an offense was begun, continued or completed. 18 U.S.C. § 3237(a).

Here, venue in the Eastern District of Virginia was proper for each count. Venue was proper for the mail fraud counts because Curtiss caused DGSC to mail contract payments from the Eastern District of Virginia. See 18 U.S.C. § 1341 (noting venue is proper, among other places, where a defendant causes a letter to be placed in an authorized depository for mail); United States v. Blecker, 657 F.2d 629, 632-33 (4th Cir. 1981) (same); see also 18 U.S.C. 3237(a) ("Any offense involving the use of

8

the mails . . . may be . . . prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.").

Venue was proper for the false statement counts because Curtiss made and used false documents knowing they contained materially false information, and these documents were filed in the Eastern District of Virginia. See Blecker, 657 F.2d at 636-37 (noting venue is proper where the claims were prepared, where the claims were received by the government, or where the defendant causes the government to place the funds in the mail); see also United States v. Bilzerian, 926 F.2d 1285 (2d Cir. 1991) (noting venue is proper under 18 U.S.C. § 1001 either where documents were prepared or filed).

Similarly, venue was proper for the false claims counts because Curtiss made and used false documents knowing they contained materially false information, and these documents were presented to the government in the Eastern District of Virginia. See 18 U.S.C. § 287 (noting venue is proper in any district in which the claims were made, prepared or presented to the government). Finally, venue was proper for the conspiracy count because overt acts in furtherance of the charged conspiracy were committed in the Eastern District of Virginia. See 18 U.S.C. § 3237(a) (Where a crime is "begun in one district and completed in another, or committed in more than one district," federal law

9

permits prosecution "in any district in which such offense was begun, continued, or completed.").

Curtiss argues, in the alternative, that even assuming venue was proper in the Eastern District of Virginia, the district court should have transferred the case to the Eastern District of Michigan pursuant to Federal Rule of Criminal Procedure 21 and abused its discretion in failing to do so. However, Curtiss waived any argument concerning transfer of venue by failing to seek such a transfer pursuant to Rule 21. United States v. Sorce, 308 F.2d 299, 301 (4th Cir. 1962); see also United States v. Blackwell, 946 F.2d 1049 (4th Cir. 1991) ("[B]ecause defendants failed to request a retransfer of the prosecution . . . under Rule 21(b), we may not review whether the proceedings properly should have gone forward there.").

For the reasons set forth above, it is plain that venue in the Eastern District of Virginia was proper for each count of the indictment and the district court properly so concluded.

B.

Curtiss next asserts that his sentence should be vacated and the case remanded for resentencing because the district court erred by failing to give individualized reasons for the sentence imposed. However, the district court was not required to abide by the requirements surrounding the Sentencing Guidelines, and therefore was not required to give

10

individualized reasons. This is because all of the offenses of conviction were completed prior to the effective date of the Sentencing Reform Act of 1987 and thus, before the Sentencing Guidelines became applicable.

The United States Sentencing Guidelines "apply only to offenses committed after" November 1, 1987. Sentencing Act of 1984, Pub. L. No. 100-182, § 2(a); United States v. Munoz, 974 F.2d 493, 495 n.* (4th Cir. 1992) ("Since [the defendant's] crimes were committed before November 1, 1987, the United States Sentencing Guidelines do not apply to this case."). Here, § 3553(c) is inapplicable because all of Curtiss's offenses were committed and completed before November 1, 1987.

Consequently, we review the district court's sentence as it would have been reviewed prior to the implementation of the Sentencing Guidelines. Prior to the implementation of the Sentencing Guidelines, broad discretion was given to sentencing courts to consider a wide range of information concerning the background, character, and conduct of defendants. Munoz, 974 F.2d at 495; Wasman v. United States, 468 U.S. 559, 563 (1984) (observing that sentencing courts may consider "any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed"); United States v. Tucker, 404 U.S. 443, 447 (1972) ("[A] sentence imposed by a federal district judge, if within statutory limits,

11

is generally not subject to review."). Further, a district court can consult the Guidelines to "to inform a pre-Guidelines sentence." United States v. Bakker, 925 F.2d 728, 740 (4th Cir. 1991).

Here, the district court's statement of reasons was sufficient under governing law. While the district court stated that it found that "the sentence imposed is fair and appropriate for this defendant in light of the requirements of 18 United States Code section 3553(a)," the fact the district court mentioned the inapplicable Sentencing Guidelines framework is not dispositive. See Bakker, 925 F.2d at 740. The district court adopted the presentence report without change. The presentence report indicated that the correct statutory framework for Curtiss's sentencing was governed by pre-Guidelines legal principles. In addition, the sentence imposed was within the statutory limits. Consequently, the district court committed no error in sentencing Curtiss.

## III.

For the reasons stated, we hold that the district court did not err in denying Curtiss's motion to dismiss the indictment for improper venue. In addition, we hold that the district court

12

did not err in fashioning Curtiss's sentence. Accordingly, the judgment is

AFFIRMED.