**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4635**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWNDALE SAUNDERS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:16-cr-00021-JPB-JES-1)

Submitted: April 19, 2018                          Decided: May 8, 2018

Before GREGORY, Chief Judge, and TRAXLER and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank C. Walker, II, FRANK WALKER LAW, Pittsburgh, Pennsylvania, for Appellant. William J. Powell, United States Attorney, Stephen L. Vogrin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawndale Saunders pleaded guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Saunders to 168 months of imprisonment, and he now appeals. On appeal, Saunders challenges the court's pretrial order denying his motions to suppress evidence seized during a search of his residence and to dismiss the indictment based on improper venue. Finding no error, we affirm.

Saunders first argues that the affidavit for the search warrant failed to support the magistrate's finding of probable cause. "We review the factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo." *United States v. Davis*, 690 F.3d 226, 233 (4th Cir. 2012). When the district court has denied a defendant's suppression motion, we construe the evidence in the light most favorable to the government. *Id.* "The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *United States v. Lull*, 824 F.3d 109, 115 (4th Cir. 2016) (internal quotation marks and alterations omitted).

In doing so, we consider "the totality of the circumstances, evaluating the affidavit as a whole and all circumstances set forth within." *Id.* at 118 (internal quotation marks omitted). "[T]he concept of probable cause is not subject to a precise definition." *United States v. Allen*, 631 F.3d 164, 172 (4th Cir. 2011). In making a determination of whether probable cause exists, a judicial officer must "make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability

that contraband or evidence of a crime will be found in a particular place." *Id.* (internal quotation marks omitted). We have thoroughly reviewed the record and the relevant legal authorities and conclude that there was sufficient probable cause supporting the issuance of the search warrant.

Saunders next challenges the district court's order denying his pretrial motion to dismiss the indictment for improper venue. We review a district court's denial of a motion to dismiss for improper venue de novo. *United States v. Engle*, 676 F.3d 405, 412 (4th Cir. 2012). Article III of the Constitution provides that criminal trials shall be held in the state where the alleged crimes were committed. *United States v. Johnson*, 510 F.3d 521, 524 (4th Cir. 2007). "Similarly, the Sixth Amendment requires that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." *Id.* (internal quotation marks omitted). Fed. R. Crim. P. 18 enacts these protections by providing that, except as otherwise permitted by statute, a prosecution shall be had in a district in which the offense was committed. *See United States v. Newsom*, 9 F.3d 337, 338 (4th Cir. 1993).

Venue may properly lie in more than one location. "[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a) (2012). The assessment of where venue lies focuses on the essential elements of the charged offense. *Engle*, 676 F.3d at 414. "[A] conspiracy may be prosecuted in any district in which the agreement was

3

formed or in which an act in furtherance of the conspiracy was committed." *United States v. Gilliam*, 975 F.2d 1050, 1057 (4th Cir. 1992).

A district court may dismiss an indictment based on lack of venue if there is an infirmity of law, but not based on a determination of facts that should have been developed at trial. *Engle*, 676 F.3d at 415. Thus, "to warrant dismissal of [the indictment] for improper venue, [Saunders] was required to demonstrate that the allegations therein, even if true, would not establish venue." *Id.* Saunders failed to meet this standard. Here, the indictment alleged facts sufficient to establish venue in the district court for the conspiracy charge.

Accordingly, we affirm the judgment of the district court and deny Saunders' motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

4