**UNITED STATES of America**

v.

**Harry C. LAMPLUGH, Theresa Lamplugh, and John Lamplugh, Defendants.**

**No. 4:CR–95–169.**

United States District Court,
M.D. Pennsylvania.

Sept. 4, 1998.

Wayne Samuelson, Asst. U.S. Attorney, Williamsport, PA, for plaintiff.

Daniel Ellenbogen, Washington, D.C., for defendants.

## MEMORANDUM

.VANASKIE, District Judge.

Defendant Theresa Lamplugh has been indicted for, *inter alia*, making false declarations in violation of 18 U.S.C. § 1623. (Dkt. Entry 105, Count 23.) In pertinent part, count 23 alleges that defendant Theresa Lamplugh made "false material declarations under penalty of perjury" when she submitted a "declaration" in support of a motion for the return of property. (*Id.*) On December 17, 1997, after receiving leave of court, defendant Theresa Lamplugh filed a motion to dismiss Count 23, contending, *inter alia*, that 18 U.S.C. § 1623 does not permit the prosecution of an individual for the filing of a false affidavit with a district court. (Dkt. Entry 248, ¶ 2.)

Under 18 U.S.C. § 1623, a false statement must be made "in [a] proceeding before or ancillary to any court or grand jury of the United States." In *Dunn v. United States,* 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979), the United States Supreme Court considered the breadth of this language. In *Dunn,* the defendant provided grand jury testimony to the government implicating a third party which resulted in the indictment of that third party. Several months later, the third party's attorney called the defendant and had him come to the attorney's office. While at the attorney's office, the defendant gave a sworn statement exonerating the third party—thus obviously contradicting his previous grand jury testimony. The third party then filed a motion to dismiss the indictment, attaching the defendant's sworn statement as an exhibit. At an evidentiary hearing, the defendant again exonerated the third party. The government then indicted the defendant for perjury, contending that the *sworn statement* (as opposed to the sworn testimony at the evidentiary hearing) was inconsistent with prior grand jury testimony. *Id.* at 103, 99 S.Ct. 2190.

The Supreme Court phrased the issue as follows: "We must determine whether an interview in a private attorney's office at which a sworn statement is given constitutes a proceeding ancillary to a court or grand jury within the meaning of [§ 1623]." *Id.* at 102, 99 S.Ct. 2190. In considering the government's argument that the sworn statement was made in an "ancillary proceeding," the Court stated:

> Under the Government's analysis, false swearing in an affidavit poses the same threat to the factfinding process as false testimony in open court. Thus, the Government contends that any statements made under oath for submission to a court, whether given in an attorney's office or in a local bar and grill, fall within the ambit of § 1623. *In our judgment, the term "proceeding" carries a somewhat more formal connotation, suggesting that Congress had a narrower end in view when enacting § 1623.*

*Id.* at 107, 99 S.Ct. 2190 (emphasis added). The Court considered the legislative history of § 1623 and found that it was intended to be more limited than the previous perjury statute—which encompassed any false statement made under oath. *Id.* at 108, 99 S.Ct. 2190. The Court noted that the sworn statement was made at an attorney's office without any of the formalities normally associated with a deposition or court appearance. *Id.* at 109, 99 S.Ct. 2190. In concluding that the sworn statement made at the attorney's office was not made at a proceeding ancillary to a court proceeding, the Court stated: "We cannot conclude here that Congress in fact intended or clearly expressed an intent that § 1623 should encompass statements made in contexts less formal than a deposition." *Id.* at 113, 99 S.Ct. 2190.

The government contends that *Dunn* is inapplicable in that "the precise holding of *Dunn* was that there was a discrepancy between the basis on which the jury rendered its verdict, and that on which the Court of Appeals sustained petitioner's conviction." (Govt's Opp.Br. (Dkt. Entry 256) at 5.) Although the appellate court had determined that a variance had occurred between the indictment and the government's proof at trial, the United States Supreme Court specifically stated "we discern no such variance" and that "there was no variance between the indictment and proof at trial." *Dunn,* 442 U.S. at 106, 99 S.Ct. 2190. The Tenth Circuit, in affirming the conviction, however,

improperly relied upon the sworn *testimony* at the evidentiary hearing, as opposed to the sworn *statement*. *Id.* The government conceded that this was error. Thus, the precise issue in Dunn was whether the defendant's sworn statement was made in an "ancillary proceeding" under § 1623. *Id.* at 107, 99 S.Ct. 2190 ("Thus, unless the September 30 interview constituted an ancillary proceeding, petitioner's conviction cannot stand."). The government's limited reading of *Dunn* is plainly incorrect.

The government's reading of *Dunn* is also inconsistent with the previous version of the Department of Justice's United States Attorneys' Manual, which provides:

> 9–69.267 *False Affidavits Submitted in Federal Court Proceedings Do Not Constitute Perjury Under 18 U.S.C. § 1623*
>
> Section 1623(a) requires that the false declaration must be made in "any proceeding before or ancillary to any court or grand jury of the United States." Some question has existed as to the meaning of ancillary in this provision. The Supreme Court addressed this issue in *Dunn v. United States*, 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979). *It held that a false affidavit submitted to a federal court in support of a motion to dismiss an indictment could not be prosecuted under 18 U.S.C. § 1623 since such an affidavit lacked the formality required of court proceedings or depositions and therefore was not given in a "proceeding before or ancillary to any court or grand jury of the United States" as required by 18 U.S.C. § 1623.*

United States Attorneys' Manual 30 (Oct. 1, 1988) (emphasis added). Although this provision has been omitted from the new United States Attorneys' Manual, the Department of Justice Criminal Resource Manual continues to recognize that *Dunn* prohibits prosecution under § 1623 for the submission of false affidavits to a federal court. Department of Justice Criminal Resource Manual § 1749

("The Court [in *Dunn* ], held that a false affidavit submitted to a federal court in support of a motion to dismiss could not be prosecuted under Section 1623 because the affidavit lacked the formality required of court proceedings or depositions.").[1] Thus, the government's contention that the holding in *Dunn* was limited to a variance question simply cannot reasonably be maintained in the face of the plain language of *Dunn* and the resource manuals maintained by the Department of Justice that have interpreted *Dunn. See also United States v. Scott*, 682 F.2d 695, 698 (8th Cir.1982) ("The term 'ancillary' proceeding has been construed to include depositions and exclude 'statements given in less formal contexts than depositions.' "); *United States v. Soto*, 574 F.Supp. 986, 991 (D.Conn.1983) ("In *Dunn*, The United States Supreme Court held that a sworn statement must have been executed with a degree of formality similar to that of a pretrial deposition (including, *inter alia*, formal notice, court authorization, and the right to presence of counsel) to be an 'ancillary proceeding' for the purposes of § 1623(c)."); Kathryn K. Baran & Rebecca 1. Ruby, "Perjury," 35 Am.Crim.L.Rev. 1035, 1045 (1998) (reading *Dunn* as limiting § 1623 "to testimony actually submitted in the presence of the court or grand jury or in the course of a deposition pursuant to valid rules of procedure"); Note, "Nothing But The Truth: A Solution to the Current Inadequacies of the Federal Perjury Statutes," 28 Val.U.L.Rev. 247, 257 n. 52 (1993) ("Sufficient formality must exist before § 1623 applies. The Supreme Court has construed the formality requirement strictly, holding that statements in contexts less formal than depositions are not made in formal, ancillary proceedings.").

In support of its claim that a false affidavit may be prosecuted under § 1623, the government relies solely upon *United States v. Gomez–Vigil*, 929 F.2d 254 (6th Cir.1991). In that case, the defendant had filed a declaration subject to the penalty of perjury in

---

**1.** Although the United States Attorneys' Manual has eliminated § 9–69.267, other perjury sections were also eliminated. Instead, there is now a single section (9–69.200), which then references the Criminal Resource Manual, including § 1749, "[f]or an overview of the law on perjury and false declarations, including §§ 1621 and 1623." United States Attorneys' Manual § 9–69.200 (Feb. 1998).

support of a motion for a new trial. *Id.* at 255. The defendant made several false statements in the declaration and a grand jury indicted him under § 1623. *Id.* at 256. The Sixth Circuit rejected the defendant's argument that § 1623 did not extend to his declaration under penalties of perjury because a sworn declaration was not *required* to support his motion for a new trial. *Id.* at 258 (finding that § 1623 applied whenever unsworn declarations were *permitted* under 28 U.S.C. § 1746). Moreover, the Sixth Circuit also rejected the defendant's contention that his statements were not material to any issue before the district court. *Id.* at 258. Conspicuously absent from the Sixth Circuit's decision, however, was any analysis of *Dunn.* In fact, *Dunn* was never even cited by the Sixth Circuit, let alone distinguished in any manner. Although *Gomez–Vigil* allowed the prosecution of a defendant under § 1623 for false declarations in an unsworn declaration, the court's failure to consider *Dunn,* coupled with *Dunn* itself, the Department of Justice's interpretation of *Dunn,* and the legal commentary connected with *Dunn,* make reliance upon *Gomez–Vigil* inappropriate.

In short, the United States Supreme Court has unequivocally stated that an individual may not be prosecuted under § 1623 for submission of a false affidavit to a federal district court. The Department of Justice has advised its United States Attorneys that § 1623 cannot be used to support a prosecution for the submission of a false affidavit to the district court. Finally, legally commentaries have also interpreted *Dunn* in a similar fashion. The only case relied upon by the government arises outside this Circuit and also fails to consider or distinguish *Dunn.* In short, *Dunn* requires that Count 23 of the indictment be dismissed. Therefore, defendant Theresa Lamplugh's motion to dismiss will be granted.