**UNITED STATES of America**

v.

**Gregory SAVOY.**

**No. CCB–98–0222.**

United States District Court,
D. Maryland.

Nov. 13, 1998.

---

Dale P. Kelberman, Assistant U.S. Attorney, Baltimore, MD, for plaintiff.

Joshua R. Treem, Schulman, Treem, Kaminkow & Gilden, Baltimore, MD, for defendant.

## MEMORANDUM

BLAKE, District Judge.

Defendant Gregory Savoy was indicted in May 1998 by the federal grand jury for the District of Maryland on one count of committing perjury, in violation of 18 U.S.C. § 1621; one count of making a false declaration under oath, in violation of 18 U.S.C. § 1623; and one count of endeavoring to obstruct justice, in violation of 18 U.S.C. § 1503. Now pending are Mr. Savoy's consolidated and supplemental pretrial motions seeking, on various grounds, to dismiss all three counts of the indictment or, in the alternative, to compel the government to provide a bill of particulars setting forth its theory of materiality and explaining precisely which of Mr. Savoy's statements allegedly obstructed justice. In addition, Mr. Savoy moves for a continuance and requests that the entire district court recuse itself from hearing this case. For the reasons that follow, the court will grant Mr. Savoy's motion to dismiss Count Two of the indictment and deny the remaining motions.

## BACKGROUND

The present indictment is based upon statements contained in a declaration submitted by Mr. Savoy in July 1997 to the federal district court in Maryland in connection with a pre-trial discovery matter in *In re American Honda Motor Company, Inc. Dealers Relations Litigation,* 979 F.Supp. 365 (D.Md.1997). That case, which is under the supervision of Chief Judge J. Frederick Motz, involves the consolidated civil actions of numerous Honda automobile dealers from across the United States who are suing American Honda Motor Company, Inc., Honda North America, Inc., and Honda Motor Company, Ltd., for damages the dealers allegedly sustained for not participating in an extensive criminal kickback scheme orchestrated by several Honda executives who demanded bribes from dealers in exchange for prime dealership locations and allocations of highly popular car models.

In May 1997, during the course of discovery in the Honda MDL case, the plaintiff dealers filed a motion for a protective order and injunctive relief seeking to restrain the defendants in that case from taking any retaliatory actions against the dealers for having filed their lawsuit. Specifically, the dealers alleged that Honda officials were retaliating against them by denying them access to valuable "port" cars, extra cars which are distributed by zone managers to dealerships on top of the dealerships' normal monthly allotment. The dealers alleged that only non-litigating

dealerships were being supplied with the "port" cars.

In support of their motion, the dealers submitted the affidavit of Jeffrey Dorf, owner of D & C Honda in Tenafly, New Jersey. Mr. Dorf's affidavit recounted a series of conversations he had had with his zone manager John Seybold and his district sales manager Gregory Savoy, the defendant in this case. According to Mr. Dorf, during a conversation held on April 21, 1997, Mr. Savoy told him that Honda had adopted a "rule" whereby dealerships suing Honda would not receive "port" cars and that the "port" cars instead would be allocated to the dealerships' non-litigating competitors. *See* Government's Consolidated Motions Response, at 4. Unbeknownst to Mr. Savoy, Mr. Dorf tape-recorded their conversation.

On July 2, 1997, the Honda defendants filed their response to the dealers' motion denying that any retaliation against litigating dealerships was taking place. Their response included a declaration by Mr. Savoy, made "under the pains and penalties of perjury," that disputed the allegations set forth in Mr. Dorf's affidavit. *See* Savoy Declaration, Government's Supplemental Motions Response, Exhibit 1. Mr. Savoy's declaration was drafted by Honda's counsel and signed by Mr. Savoy in Moorestown, New Jersey, on July 1, 1997. In his declaration, Mr. Savoy asserted the following:

1) "No one has ever instructed, directed, suggested or stated to me in any fashion that dealers who are suing Honda should be treated differently in any respect than any other dealer";

2) "I am aware of no policy, rule, statement, or suggestion that dealers who are suing Honda should be treated differently in any respect than any other dealer";

3) "I am aware of no policy, rule, statement or suggestion that D & C Honda should be treated differently in any respect than any other dealer

because D & C Honda has filed a lawsuit against AHM [American Honda Motor Company]";

4) "I did not tell or suggest to Mr. Dorf that I was not supposed to help out the dealers suing Honda by giving them extra cars and that this was universal for anyone who was suing."

These four statements form the basis for the current charges against Mr. Savoy. *See* Indictment, at 3, 5–7.

On July 3, 1997, the dealers filed a second affidavit by Mr. Dorf along with the tape and a written transcript of Mr. Dorf's April 1997 conversation with Mr. Savoy. Based on this evidence, the dealers argued that "it is clear that Mr. Savoy's affidavit is false." *See* Defendant's Consolidated Motions, at 4. Once Honda's counsel learned of the apparent falsity of Mr. Savoy's declaration, they withdrew the declaration, expressing concern that Mr. Savoy "was not truthful with the MDL team and caused us to file a declaration which is also untruthful." *See id.* at 5. At the same time, however, they reiterated Honda's position that no retaliation against litigating dealerships was taking place.

On July 8, 1997, Chief Judge Motz granted, in part, the relief sought by the plaintiff dealers in their motion and ordered Honda to produce documents and other evidence relating to the allocation of "port" cars to litigating dealerships. He also referred Mr. Savoy's declaration to the United States Attorney's Office for further investigation. This investigation led to Mr. Savoy's indictment on May 19, 1998, in the District of Maryland.

Count One of the indictment charges Mr. Savoy with violating 18 U.S.C. § 1621, which states, in relevant part: "Whoever ... in any declaration ... permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true ... is guilty of perjury." 18 U.S.C. § 1621(2). Count Two of the indictment charges Mr. Savoy with violating

18 U.S.C. § 1623, which states, in relevant part: "Whoever under oath (or in any declaration . . . under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court . . . knowingly makes any false material declaration . . . shall be fined under this title or imprisoned." 18 U.S.C. § 1623(a). Counts One and Two of the indictment are based upon and specifically identify the four allegedly false statements from Mr. Savoy's July 1997 declaration, quoted above. The third and final count of the indictment charges Mr. Savoy with violating 18 U.S.C. § 1503, which states, in relevant part: "Whoever corruptly . . . endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished." 18 U.S.C. § 1503(a). The government alleges that Mr. Savoy attempted to obstruct justice in the Honda MDL case "by subscribing to and causing to be submitted to the Court a declaration made under penalties of perjury which he knew to be false." *See* Indictment, at 7.

Mr. Savoy currently is scheduled to go on trial beginning November 16, 1998. On July 20, 1998, Mr. Savoy filed eight pretrial motions with the court. *See* Defendant's Consolidated Motions. He filed two additional motions on August 6, 1998. *See* Defendant's Supplemental Motion to Dismiss Counts One and Two. In his motions, Mr. Savoy seeks (1) to have the entire district court recused from hearing his case; (2) to continue his case until the conclusion of the Honda MDL case;[1] (3) to compel the government to provide a bill of particulars setting forth its theory of materiality as to Counts One and Two of the indictment; (4) to dismiss Counts One

and Two on the grounds that they are duplicitous; (5) to dismiss Counts One and Two on the grounds that they fail to provide adequate notice of the charges against him; (6) to dismiss Count Two on the grounds that 18 U.S.C. § 1623(d) bars his prosecution; (7) to compel the government to elect between Counts One and Two on the grounds that the two counts mirror each other; (8) to dismiss Count Three or, in the alternative, to compel the government to provide a bill of particulars, on the grounds that the indictment fails to identify which parts of Mr. Savoy's declaration allegedly obstructed justice; (9) to dismiss Count One for improper venue; and (10) to dismiss Count Two on the grounds that *Dunn v. United States*, 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979), holds that a false affidavit may not provide the basis for a prosecution under 18 U.S.C. § 1623. The government has filed responses opposing each of these motions. *See* Government's Consolidated Motions Response; Government's Supplemental Motions Response.

## *ANALYSIS*

### I. Count Two Motions

■ The first motion the court will address is Mr. Savoy's motion to dismiss Count Two of the indictment on the grounds that a prosecution under 18 U.S.C. § 1623 may not be predicated upon false statements contained in an affidavit, since an affidavit lacks the requisite formality required by the statute. *See* Defendant's Supplemental Motion to Dismiss Counts One and Two, at 2. The court agrees with Mr. Savoy's position and will grant the motion.[2]

---

1. Since Mr. Savoy agrees with the government that this motion is moot in light of the recent settlement involving the class-action plaintiffs in the Honda MDL case, *see* Defendant's Reply to the Government's Consolidated Motions Response, at 1, the court will deny this motion without further discussion.

2. The court will not bar either of Mr. Savoy's supplemental motions on the grounds that

they were untimely. *See* Government's Supplemental Motions Response, at 1–2. Although the motions were filed two weeks after the original deadline, the government has had sufficient opportunity to respond to the motions, and the court has had sufficient time to consider the motions prior to the start of trial. Under these circumstances, the court believes it would be inappropriate to decline to reach the merits of the motions. *See United States*

Section 1623 provides, in relevant part: "Whoever under oath (or in any declaration ... under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court ... knowingly makes any false material declaration ... shall be fined under this title or imprisoned." 18 U.S.C. § 1623(a). The issue here is whether the July 1997 declaration completed by Mr. Savoy under penalty of perjury in New Jersey constitutes a "proceeding before or ancillary to any court." The leading case on this issue is *Dunn v. United States*, 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979), in which the Supreme Court was presented with the question "whether an interview in a private attorney's office at which a sworn statement is given constitutes a proceeding ancillary to a court or grand jury within the meaning of the statute." *Id.* at 102, 99 S.Ct. 2190.[3] In answering this question in the negative, the Court analyzed the language and purpose of § 1623, concluding that the statute did not apply to "statements made in contexts less formal than a deposition." *Id.* at 113, 99 S.Ct. 2190. In reaching this conclusion, the Court expressly rejected the government's contention that "any statements made under oath for submission to a court ... fall within the ambit of § 1623." *Id.* at 107, 99 S.Ct. 2190.

The government does not contend, and there is no evidence to support, that the declaration Mr. Savoy completed in July 1997 was made with the formalities of a deposition. *See generally* Fed.R.Civ.P. 27–31. Accordingly, this court believes that the Supreme Court's decision in *Dunn* compels a ruling in favor of Mr. Savoy on his motion to dismiss Count Two of the indictment on the grounds that 18 U.S.C. § 1623 does not apply to the type of declaration Mr. Savoy filed with the court in the underlying Honda MDL case. The court

further believes that the weight of judicial authority is in accord with this interpretation of *Dunn. See, e.g., United States v. McAfee*, 8 F.3d 1010, 1013–14 (5th Cir. 1993); *United States v. Scott*, 682 F.2d 695, 698 (8th Cir.1982); *United States v. Lamplugh*, 1998 WL 601119 (M.D.Pa. Sept.4, 1998).

In rebuttal, the government argues that the Court's holding in *Dunn* is limited to prosecutions under 18 U.S.C. § 1623(c) (involving inconsistent declarations under oath) and, therefore, is inapplicable to Mr. Savoy's prosecution for violating 18 U.S.C. § 1623(a). *See* Government's Supplemental Motions Response, at 9–12. The court disagrees. First, nothing in the *Dunn* Court's opinion suggests that *Dunn* does not apply to prosecutions under § 1623(a). The Court's holding explicitly applies to the statute as a whole. *See* 442 U.S. at 113, 99 S.Ct. 2190 ("We cannot conclude here that Congress in fact intended or clearly expressed an intent that § 1623 should encompass statements made in contexts less formal than a deposition."). Moreover, the operative statutory language relied upon by the *Dunn* Court to reverse the defendant's conviction—i.e., that the false declarations were not made in a proceeding "before or ancillary to any court"—is found in both § 1623(a) and § 1623(c). Finally, as the Court pointed out in *Dunn*, § 1623(c) is directed at a particular "method of proof," *see* 442 U.S. at 104, 99 S.Ct. 2190; nothing in the Court's opinion or in the statute itself suggests that § 1623(a) and § 1623(c) are directed at different categories of false statements.

In support of its position, the government relies primarily upon two cases, *United States v. Jaramillo*, 69 F.3d 388 (9th Cir.1995), and *United States v. Gomez–Vigil*, 929 F.2d 254 (6th Cir.1991). Neither case holds, however, that a prose-

*v. Johnson*, 953 F.2d 110, 116 (4th Cir.1991) ("Motions filed out of time are accepted at the discretion of the trial court.").

3. The statement was then filed with the court in support of a pre-trial motion, as is the case here. *Dunn*, 442 U.S. at 103, 99 S.Ct. 2190.

cution under 18 U.S.C. § 1623(a) may be predicated upon a false declaration of the type involved here. In *Jaramillo*, the defendant, a confidential government informant, was convicted of making inconsistent material declarations in violation of 18 U.S.C. § 1623(c) based on certain discrepancies between testimony he gave as a witness at trial and prior statements he made under penalty of perjury to federal law enforcement officers. *See* 69 F.3d at 389–90. The defendant appealed his conviction on the grounds that his statements to the law enforcement officers had not been made "under oath" or "ancillary" to court or grand jury proceedings, as required by the statute. *See* 18 U.S.C. § 1623(c). The Ninth Circuit reversed the defendant's conviction, agreeing with the defendant that there was no evidence in the record that his statements to the officers had been given under oath. *See* 69 F.3d at 391–92. Although the court did not reach the merits of the defendant's additional contention that his statements had not been given in an "ancillary" proceeding, the court "expressly withh[e]ld [its] approval of the district court's conclusion that Jaramillo's statement was given in an 'ancillary' proceeding under § 1623(c)." *Id.* at 392 (citing *Dunn*, 442 U.S. at 113, 99 S.Ct. 2190). This language clearly does not support the government's position in this case. Furthermore, the *Jaramillo* court's discussion of the distinction between § 1623(a) and § 1623(c) only goes to differences in the two provisions' proof requirements, not to differences in the types of false declarations punishable under the statute. *See* 69 F.3d at 390.

The other case the government relies upon, *United States v. Gomez–Vigil*, involved a defendant who originally was convicted on drug charges and who subsequently made several false statements in a declaration given "under penalty of perjury" that was submitted to the district court in support of his *pro se* motion for a new trial. *See* 929 F.2d at 255–56. Based on these false statements, the defendant was separately indicted and convicted for vio-

lating 18 U.S.C. § 1623(a). *See id.* at 257. On appeal, the Sixth Circuit rejected the defendant's assertion that his statements were not "material." *See id.* at 258. The defendant did not raise, however, nor did the appellate court address, the question whether the defendant's statements had been made in an "ancillary" proceeding. In fact, the court in *Gomez–Vigil* never even mentioned, let alone analyzed, the Supreme Court's decision in *Dunn*. Consequently, while the facts in *Gomez–Vigil* might lend some support to the government's position in this case, this court agrees with the court in *Lamplugh, supra,* that reliance upon *Gomez–Vigil* in these circumstances would be "inappropriate." *See* 17 F.Supp.2d at 357.

Since Count Two of the indictment will be dismissed on the grounds that Mr. Savoy's allegedly perjured declaration does not fall within the scope of § 1623, it is unnecessary for the court to address Mr. Savoy's other motions relating to the same charge.

## II. Count One Motions

The next motion the court will address is Mr. Savoy's motion to dismiss Count One of the indictment on the grounds that venue in this district for a prosecution under 18 U.S.C. § 1621 is improper. *See* Defendant's Supplemental Motion to Dismiss Counts One and Two, at 1. Mr. Savoy contends that since he signed his July 1997 declaration in Moorestown, New Jersey, the situs of the alleged perjury charged in Count One lies in the District of New Jersey and, consequently, that venue in this district is improper. *See, e.g.,* Fed. R.Crim.P. 18 ("Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed."). The court disagrees.

The United States Constitution and the Federal Rules of Criminal Procedure guarantee a defendant's right to be tried in the state and district in which the

alleged crime occurred. *See* U.S. Const. art. III, § 2; U.S. Const. amend. VI; Fed.R.Crim.P. 18. The Constitution does not limit venue to a single district, however, and the defendant need not be present in the district in which the alleged crime took place. *United States v. Newsom,* 9 F.3d 337, 338 (4th Cir.1993). Moreover, while venue for a federal prosecution clearly depends on the situs of the alleged crime, neither the Constitution nor Rule 18 provides criteria for determining where a crime has been committed. "This must be ascertained by reference to the statute proscribing the criminal act." *United States v. Kibler,* 667 F.2d 452, 454 (4th Cir.1982). If Congress has not expressly provided for venue in the statute, the "overriding principle" is that the situs of the crime must be determined from "the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Cofield,* 11 F.3d 413, 417 (4th Cir.1993) (quoting *United States v. Anderson,* 328 U.S. 699, 703, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946)).

■ In this case, the text of 18 U.S.C. § 1621 is silent as to whether or not venue is proper in this district. Furthermore, the Fourth Circuit has not yet addressed the issue whether a prosecution under § 1621 for allegedly perjured statements sworn to in one district may be brought in a different district in which the parent proceeding is pending. To answer this question, this court must examine "the nature of the crime alleged and the location of the act or acts constituting it." *See Anderson,* 328 U.S. at 703, 66 S.Ct. 1213. The Fourth Circuit has not adopted a single test for implementing *Anderson*'s directive. Instead, the court has endorsed a multifaceted approach that examines the language and history of the statute, *see, e.g., Cofield,* 11 F.3d at 417–19; *Kibler,* 667 F.2d at 454–55, as well as the particular elements that constitute the crime charged, *see, e.g., Newsom,* 9 F.3d at 339. "[W]here a crime consists of distinct parts which have different localities the whole

may be tried where any part can be proved to have been done." *United States v. Lombardo,* 241 U.S. 73, 77, 36 S.Ct. 508, 60 L.Ed. 897 (1916) (quoted in *Newsom,* 9 F.3d at 339). Applying this approach to § 1621 leads this court to conclude that venue in this district is proper.

Section 1621 provides, in relevant part: "Whoever ... in any declaration ... permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true ... is guilty of perjury." 18 U.S.C. § 1621(2). In *Kibler,* the Fourth Circuit examined the verbs in a statute to determine the situs of the crime charged. *See* 667 F.2d at 454 (holding that prosecution for obstruction of justice under 18 U.S.C. § 1503 may be brought in district where proceeding that accused sought to influence is pending). Here, an analysis of the verbs found in § 1621(2)— "subscribes" and "believe"—suggests, consistent with Mr. Savoy's position, that the acts constituting the crime charged in Count One of the indictment took place in the District of New Jersey. The venue analysis does not end there, however, for in determining venue, *Anderson* requires courts to look not only at the "location of the act or acts constituting" the offense, but also at the "nature" of the offense. *See Newsom,* 9 F.3d at 339.

In *Newsom,* the Fourth Circuit explained that the "nature" of an offense "is ascertained by analyzing the elements of the crime." 9 F.3d at 339. The elements of the crime for which Mr. Savoy was indicted in Count One are: (1) a "declaration," (2) made "under penalty of perjury," (3) in which the accused "willfully subscribes as true," (4) "any material matter," (5) "which he does not believe to be true." *See* 18 U.S.C. § 1621(2). The crucial element for present purposes is part (4) concerning materiality.

An allegedly perjured statement is material "if it has a natural tendency to influence, or is capable of influencing, the decision-making body to which it was ad-

dressed." *United States v. Sarihifard,* 155 F.3d 301, 306 (4th Cir.1998) (quoting *United States v. Littleton,* 76 F.3d 614, 618 (4th Cir.1996)). Here, the decision-making body to which Mr. Savoy's allegedly false declaration was addressed was the federal district court hearing the Honda MDL case in Maryland, where the declaration was filed. In order to convict Mr. Savoy of violating § 1621(2), therefore, the government must prove beyond a reasonable doubt that his declaration had "a natural tendency to influence" or was "capable of influencing" the federal district court to which it was addressed. Since essential parts of the crime charged in Count One of the indictment can be proved only by showing their occurrence in the District of Maryland, the court concludes that venue for Mr. Savoy's prosecution under 18 U.S.C. § 1621(2) is proper in this district.[4] *Cf. Newsom,* 9 F.3d at 339 (holding on similar grounds that venue for prosecution under 18 U.S.C. § 115, prohibiting threats against federal law enforcement officers in retaliation for performance of their duties, is proper in district where officer performed duties triggering threat); *but see United States v. Hersch,* 850 F.Supp. 483, 487–88 (E.D.Va.1994) (holding that venue for prosecution under § 1621(1) lies only in district where false statements were made).[5]

In support of his venue motion, Mr. Savoy relies primarily upon the Second Circuit's opinion in *United States v. Reed,* 773 F.2d 477 (2d Cir.1985). The court in *Reed,* however, did not hold that a prosecution under 18 U.S.C. § 1621 may only be brought in the judicial district wherein the allegedly perjured declaration was signed. On the contrary, the court held that a defendant charged with making false statements during a deposition in violation of 18 U.S.C. § 1623 may be prosecuted either in the district in which the false statements were made or in the district in which the parent proceeding is pending. *See Reed,* 773 F.2d at 483–84. In reaching its decision, the *Reed* court applied what it described as a "substantial contacts rule" to determining venue, taking into account "the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate fact-finding." *See id.* at 481 (cited approvingly in *Cofield,* 11 F.3d at 417).

In concluding that the defendant, who had given false deposition testimony in California, was subject to prosecution in New York, where the underlying civil action was pending, the *Reed* court was particularly concerned that the perjury "was intended to affect the outcome of an action pending [in New York]" and that the New York court must have the power to punish the perjury in order "to ensure the integrity" of its proceedings. *Id.* at 484.[6] Applying the *Reed* court's rationale to the facts of this case would suggest that venue for Mr. Savoy's perjury prosecution lies in the District of Maryland because his false declaration was intended to affect judicial proceedings in this district and because the

4. The court expresses no opinion as to whether or not venue would be proper in the District of New Jersey.

5. The court respectfully disagrees with the reasoning found in *Hersch.* Specifically, the court believes that the *Hersch* court's analysis, pursuant to *Anderson,* of the "nature" of § 1621 overlooks the significance of the materiality element of the crime. *See* 850 F.Supp. at 488. As explained above, this court believes that the materiality element of § 1621 provides the necessary connection between the false statements made in one district and the judicial proceedings going on in another

district, to which the false statements are addressed, to satisfy the constitutional requirements for venue in the latter district.

6. As the court in *Reed* also explained:

Where essential elements of a crime are related to the integrity of the proceedings of judicial tribunals in districts other than where the acts took place, for example, those tribunals should not be left to the generosity of prosecutors or judges in other districts to defend their powers.

773 F.2d at 481.

federal court in this district must have the power to protect the integrity of its proceedings by punishing Mr. Savoy's perjury. Rather than supporting Mr. Savoy's position, then, the court's opinion in *Reed* supports a finding that venue in this district for Mr. Savoy's prosecution under § 1621 is proper.

Mr. Savoy has asked that the entire district court of Maryland recuse itself from hearing this case, primarily because of the possibility that the Chief Judge might be called to testify.[7] (Defendant's Consolidated Motions at 7). Even if that were likely, it is the jury and not the trial judge who would evaluate the credibility of Judge Motz's testimony. In light of the objective nature of the definition of materiality, however, there is virtually no likelihood that the testimony of Judge Motz will be required. Contrary to Mr. Savoy's argument, *see* Defendant's Consolidated Motions, at 7, "a finding of materiality is not dependent upon whether the factfinder was actually influenced by a defendant's false statements." *Sarihifard*, 155 F.3d at 307; *United States v. Friedhaber*, 856 F.2d 640, 642 (4th Cir.1988) (en banc). What Judge Motz "thought and why he did what he did," (Defendant's Consolidated Motions, at 7), are not issues in this case.

█ A recusal motion is committed to the sound discretion of the trial judge. Mr. Savoy has shown no reasonable basis to question the impartiality of this or any other district judge in Maryland. *See* 28 U.S.C. § 455(a); *United States v. Gordon*, 61 F.3d 263, 267 (4th Cir.1995); *United States v. Carmichael*, 726 F.2d 158, 160 (4th Cir.1984).

In addition to his motion for improper venue, Mr. Savoy seeks to have Count One of the indictment dismissed on grounds of duplicity and inadequate notice of the charges against him. *See* Defendant's Consolidated Motions, at 13–16. The court will deny these motions.

█ Duplicity is "the joining in a single count of two or more distinct and separate offenses." *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir.1993) (quoting 1 Charles A. Wright, *Federal Practice and Procedure* § 142, at 469 (2d ed.1982)). Mr. Savoy argues that Count One is duplicitous because it charges him with making four separate false statements, *see* Indictment, at 3, and because "within *each* of the four statements there are several possible false or perjurious statements themselves." Defendant's Consolidated Motions, at 14 (emphasis in original). The court disagrees. While the Fourth Circuit has not yet ruled on the issue, it appears well-settled that several specifications of false statements may be included in a single count of perjury. *See, e.g., United States v. Berardi*, 629 F.2d 723, 729 (2d Cir.1980); *United States v. Isaacs*, 493 F.2d 1124, 1154–55 (7th Cir.1974); *Vitello v. United States*, 425 F.2d 416, 418 (9th Cir.1970); *United States v. Watt*, 911 F.Supp. 538, 549–53 (D.D.C.1995); *see also* Fed.R.Crim.P. 7(c)(1) ("It may be alleged in a single count ... that the defendant committed [the offense] by one or more specified means."). Furthermore, any potential danger that the jury might convict Mr. Savoy of perjury without agreeing unanimously as to any particular false statement included in the indictment may be avoided by providing an appropriate unanimity instruction. *See United States v. Holley*, 942 F.2d 916, 928–29 (5th Cir.1991).

---

7. Mr. Savoy also argues that because the referral initiating this case came from the Chief Judge, all other district judges in Maryland should recuse themselves, and in particular, I should recuse myself because I served as First Assistant to Judge Motz over 10 years ago when he was United States Attorney. There is no merit to this argument. A referral of a sworn affidavit and an inconsistent recorded conversation to the United States Attorney for a possible perjury investigation is appropriate action for any judge; the ultimate decision whether to prosecute is made by the United States Attorney and the grand jury. There is no reason to believe any judge in this District would be influenced in his or her rulings by the fact that the charged perjury happened to arise in a case assigned to Judge Motz.

Mr. Savoy also contends that Count One should be dismissed for "fail[ing] to provide due process notice." Defendant's Consolidated Motions, at 15. To satisfy the requirements of the Due Process Clause of the Fifth Amendment and Federal Rule of Criminal Procedure 7, "an indictment must state all the elements of the offense charged, inform the defendant of the nature of the charge so that he may prepare a defense, and enable the defendant to plead the judgment as a bar to any later prosecution for the same offense." *United States v. Ocampo*, 890 F.2d 1363, 1373 (7th Cir.1989). Mr. Savoy's due process motion goes to the second part of the above test. Specifically, Mr. Savoy argues that since his allegedly false declaration was "drafted by Honda's attorneys," he did not understand the intended meaning of the words used in the declaration and, therefore, is unable to defend himself against the perjury charge. Defendant's Consolidated Motions, at 15–16.

The court rejects Mr. Savoy's attempt to disclaim responsibility for the contents of his July 1997 declaration. The declaration was submitted to the court in the Honda MDL case as the "Declaration of Greg Savoy" and was signed by Mr. Savoy on July 1, 1997, "under the pains and penalties of perjury ... that the foregoing is true and correct." *See* Savoy Declaration, Government's Supplemental Motions Response, Exhibit 1. Moreover, Mr. Savoy admits that he "review[ed]" the declaration before signing it. Defendant's Consolidated Motions, at 15. Under these circumstances, Mr. Savoy's signature on the declaration demonstrates that he understood the meaning of the statements included therein. *Cf. United States v. Darrah*, 119 F.3d 1322, 1328–29 (8th Cir.1997) (rejecting defendant's claim that she lacked knowledge of contents of IRS document prepared by her husband and attorney that she signed); *United States v. Puente*, 982 F.2d 156, 159 (5th Cir.1993) (rejecting defendant's claim that he lacked intent to make false statement on HUD documents that he signed but never read); *United*

*States v. Tolkow*, 532 F.2d 853, 857 (2d Cir.1976) (defendant's signature on pension fund's annual reports constituted "prima facie proof of his knowledge of their contents"). Accordingly, the court finds that Mr. Savoy has sufficient notice of the basis for the perjury charge contained in Count One of the indictment to prepare his defense thereto.

Mr. Savoy's final motion directed at Count One of the indictment requests the court to compel the government to provide a bill of particulars setting forth the government's theory of materiality. Mr. Savoy seeks information from the government indicating whether the government considers the false statements contained in his allegedly perjured declaration material only as to the plaintiff Honda dealers' motion for a protective order or also as to the underlying MDL lawsuit. *See* Defendant's Consolidated Motions, at 11. The purpose of a bill of particulars "is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial." *United States v. Automated Medical Labs., Inc.*, 770 F.2d 399, 405 (4th Cir.1985) (citation omitted). Its purpose is not "to provide detailed disclosure of the government's evidence in advance of trial." *Id.* (citation omitted).

The court will deny Mr. Savoy's motion for a bill of particulars. *See United States v. Anderson*, 481 F.2d 685, 690 (4th Cir.1973) (motion for bill of particulars left to sound discretion of trial court), *aff'd*, 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974). The Fourth Circuit has made clear that in prosecutions for perjury, an indictment is sufficient if it "simply alleges" that the false statements or testimony are "material." *United States v. Cole*, 784 F.2d 1225, 1227 (4th Cir.1986). Here, Count One of the indictment meets this minimal burden. Furthermore, as explained previously, the factual and legal allegations included in the indictment are sufficient to notify Mr. Savoy of the

charges against him. Lastly, the government has indicated in its Consolidated Motions Response, at 19, that it considers Mr. Savoy's statements material as to both proceedings. For these reasons, the court finds that a bill of particulars for Count One of the indictment is unnecessary.

### III. Count Three Motions

Mr. Savoy has filed a single combined motion directed at Count Three of the indictment. In Count Three, Mr. Savoy is charged with endeavoring to obstruct justice, in violation of 18 U.S.C. § 1503, by submitting his allegedly perjured declaration to the district court in the Honda MDL case. *See* Indictment, at 7. Mr. Savoy contends that this charge must be dismissed as a matter of law because "there is a complete impossibility of obstruction of justice" since, upon discovering the apparent falsity of Mr. Savoy's declaration, Honda's counsel withdrew the declaration "before anything was done by the Court with respect to the plaintiffs['] motion [for a protective order]." *See* Defendant's Consolidated Motions, at 20. In the alternative, Mr. Savoy seeks a bill of particulars "particulariz[ing] those parts of the declaration to which this charge relates." *Id.* at 21. The court will deny these motions.

Section 1503 states, in relevant part: "Whoever corruptly . . . endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished." 18 U.S.C. § 1503(a). The statutory language makes clear that to convict a defendant under § 1503, it is not necessary to show that the due administration of justice was actually obstructed. Rather, merely endeavoring or attempting to obstruct a judicial proceeding is sufficient to violate the statute. *See United States v. Brooks,* 111 F.3d 365, 372 (4th Cir.1997) ("in order to convict under § 1503, the government need not demonstrate that justice was in fact obstructed but must prove only that 'the endeavor [has] the natural and probable effect of interfering with the due ad-

ministration of justice.' ") (quoting *United States v. Aguilar,* 515 U.S. 593, 599, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995)) (internal punctuation omitted) (alteration in original). Since the indictment in this case charges Mr. Savoy with *"endeavor[ing]* to influence, obstruct and impede the due administration of justice"* (emphasis added) in the Honda MDL case by submitting his allegedly perjured declaration to the court, the subsequent actions of Honda's counsel are irrelevant and provide no basis for dismissing the § 1503 charge against Mr. Savoy.

As for Mr. Savoy's request that a bill of particulars be ordered concerning Count Three of the indictment, the court finds that the factual and legal information contained in the count are sufficiently detailed to permit Mr. Savoy to prepare his defense to the charged offense.