**Gregory SAVOY**

v.

**UNITED STATES of America**

**No. CIV. CCB01–0153.**

United States District Court, D. Maryland.

May 3, 2002.

---

Joshua R. Treem, Harry Levy, Schulman Treem Kaminkow Gilden and Ravenell PA, Baltimore, MD, for Plaintiff.

Dale P. Kelberman, Office of the United States Attorney, Baltimore, MD, Lynne A. Battaglia, Annapolis, MD, for Defendant.

### MEMORANDUM

BLAKE, District Judge.

Gregory Savoy has filed a petition under 28 U.S.C. § 1651(a) seeking the extraordinary relief of a writ of error coram nobis to vacate his convictions for perjury and obstruction of justice. He does so based on a challenge to the court's pretrial ruling that venue on the perjury charge was proper in the District of Maryland. *Unit-*

---

**1.** Savoy received concurrent sentences on Counts One (perjury) and Three (obstruction). Count Two was dismissed.

**2.** I need not revisit the correctness of that analysis in order to resolve the present motion.

*ed States v. Savoy,* 38 F.Supp.2d 406 (D.Md.1998). Savoy was convicted by a jury but took no direct appeal. He has now served his sentence and been terminated from supervised release.[1]

The writ of error coram nobis is reserved to remedy only an error "of the most fundamental character," where no other relief is available. *United States v. Mandel,* 862 F.2d 1067, 1075 (4th Cir. 1988). In *Mandel,* after the defendant fully and unsuccessfully exercised his rights of appeal, the Supreme Court issued an opinion in which it determined that conduct of the kind for which Mandel had been convicted was not a crime. Under those circumstances, the writ was granted.

Here, Savoy relies on the Fourth Circuit's issuance of an opinion in August 2000 which arguably calls into question the continuing validity of this court's venue analysis in *Savoy.*[2] *See United States v. Bowens,* 224 F.3d 302 (4th Cir.2000); *see also United States v. Villarini,* 238 F.3d 530 (4th Cir.2001). The Fourth Circuit opinion in *Bowens* was based on two Supreme Court opinions, one issued prior to my ruling and one some months later. *See United States v. Cabrales,* 524 U.S. 1, 118 S.Ct. 1772, 141 L.Ed.2d 1 (1998); *United States v. Rodriguez–Moreno,* 526 U.S. 275, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999). It is obvious from this chronology that the basis for Savoy's present argument was available and could have been raised before the Fourth Circuit on direct appeal.[3] The result, at best, would have been a new trial in the District of New Jersey. Savoy's failure to seek a direct appeal is sufficient to preclude his request for coram

---

**3.** Indeed, there existed a contrary opinion from another district court in this Circuit, which was noted in *Savoy. See United States v. Hersch,* 850 F.Supp. 483 (E.D.Va.1994).

nobis relief. *See Snyder v. U.S.*, 897 F.Supp. 241, 242–43 (D.Md.1995).

Moreover, the propriety of venue in the District of Maryland on the obstruction of justice count was not challenged before trial. It is hard to understand how evidence of the perjury could have unfairly "infected" the jury's decision on the obstruction count, since evidence of the perjury would not only have been admissible but indeed would have formed the basis of the obstruction charge, of which Savoy was also convicted.

■ In summary, even assuming that venue was improper, coram nobis is not an appropriate remedy because (1) Savoy could have exercised his right of direct appeal, and did not do so; (2) improper venue is not of the fundamental character that warrants setting aside an otherwise fairly obtained jury conviction for what is undoubtedly a criminal act;[4] and (3) any error in the venue determination was harmless because the obstruction count was properly tried in Maryland.

A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

1. the petition filed under 28 U.S.C. § 1651(a) for a writ of error coram nobis is **Denied**;

2. the Clerk shall send copies of this Order and the accompanying Memorandum to counsel of record; and

3. this case shall be closed.

---

4. The Fourth Circuit's reference to the "jurisdictional imperative that an offense be committed within the state and district of indictment" is hardly dispositive of the question whether venue is an appropriate basis for coram nobis relief. *See United States v. Grossman*, 400 F.2d 951, 953 (4th Cir.1968).